Nicholson, O. J.,
delivered the opinion of the court.
In July, 1865, complainants held several bills single on A. O. Quillen, amounting to about $300. Quillen asserted a claim for heavy damages against James Ramsey, Sr., James Ramsey, Jr., John Ramsey, and L. W. Ramsey, upon the charge that during the war they bad arrested and imprisoned him, and robbed his house. By threatening to sue for the damages claimed, and to institute criminal prosecution, be induced them to agree to substitute their notes for those held on him by complainants, by way of avoiding the suit for damages and the threatened criminal prosecution. Complainants being near relatives of James Ramsey, Sr., and the other parties threatened, were prevailed upon by the threats of Quillen, and to protect their relatives from criminal prosecution, to accept their several bills single in lieu of those held by them on Quillen. The arrangement was consummated in July, 1865, and in *408 1871, suits were brought by complainants before a justice of the peace in Hancock county, on the several bills single, and the cases taken by appeal to' the circuit court. Upon learning that the Ramseys would resist judgment upon the bills single, upon the ground that they had been executed and delivered under duress, and to avoid threatened criminal prosecution, complainants filed their bill against the Ramseys and Quillen, setting out the facts as already stated, and obtaining an injunction against the further prosecution of the suits in the circuit court, and praying for a. decree either against the Ramseys or against Quillen.
The Ramseys filed their answer and cross-bill against complainants and Quillen, in which they charged that they had executed the bills single under duress and to avoid criminal prosecution, praying that they be delivered up and canceled as null and void.
Hpon the answers to the original and cross-bill and the proof, the chancellor held that the Ramseys were bound to pay to complainants the bills single, and accordingly dismissed their cross-bill, and decreed against them and in favor of Quillen. The Ramseys have appealed, and complainants have brought up the case by writ of error. We are of opinion that complainants have precluded themselves from any decree against the Ramseys by their allegation that they agreed to receive their bills single for the purpose of protecting them from criminal prosecution, and by their own proof, in which they show that the Ramseys executed the bills single in consequence of the threats of Quillen, which, under the circumstances then prevailing, amounted to duress. We are further of opinion that the proof makes out a case of duress in the procurement by Quillen of the execution of the bills single by the Ramseys, and that Quillen availed himself of the condition of things existing immediately after the war to induce complainants to accept the bills single of their relatives in lieu of his own, whereby they were overreached and defrauded. It *409 follows that the decree o-f the chancellor dismissing the cross-bill was erroneous, as also the decree in favor of complainants against the Ramseys. The decree will be reversed, and the relief prayed for by the cross-bill will be granted, and a decree in favor of complainants' against Quillen on the original bills single. Complainants andQuillen will pay the costs of the cross-bill, and Quillen the costs of the original bill.